PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 5/1/96**

TENTH CIRCUIT

JAMES ROBERT MATTHEWS,

       Petitioner-Appellant,

vs.

No. 95-1171

WILLIAM PRICE, Superintendent,
AVCF; GALE NORTON, Attorney
General of the State of Colorado,

       Respondents-Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 92-K-1458)

A. Thomas Elliott, Jr., Denver, Colorado, for Appellant.

Robert M. Petrusak, Senior Assistant Attorney General, Criminal Enforcement Section, Denver, Colorado (Gale A. Norton, Attorney General, Denver, Colorado, with him on the brief), for Appellees.

Before SEYMOUR, KELLY and MURPHY, Circuit Judges.

KELLY, Circuit Judge.

      Mr. Matthews appeals from the district court's order denying his petition for writ of habeas corpus, 28 U.S.C. § 2254. Our jurisdiction arises pursuant to 28 U.S.C. §§

1291 and 2253. We grant a certificate of probable cause, 28 U.S.C. § 2253, and affirm.

## Background

Mr. Matthews was convicted of sexual assault upon two children, his step-daughter, referred to as L., and his daughter, referred to as T., and sentenced to two consecutive sixteen year terms of imprisonment. The Colorado Court of Appeals affirmed his conviction and the Colorado Supreme Court denied certiorari. In his habeas petition, Petitioner argues that the state court violated (1) Colorado law and his due process rights under the Fifth and Fourteenth Amendments by improperly excluding hearsay evidence concerning prior sexual contact between the victims and Mr. Matthews' son, referred to as J.; (2) his Sixth Amendment right to confrontation by improperly curtailing his cross-examination of his son, J., and victim L.; and (3) his due process and equal protection rights under the Fifth and Fourteenth Amendments by denying him access to state funded resources, such as a transcript, an investigator and a psychiatric expert. The district court adopted the magistrate judge's recommendation and denied the petition and later denied Mr. Matthews a certificate of probable cause.

## Discussion

In reviewing the district court's denial of a defendant's habeas corpus petition, we review the district court's factual findings under the clearly erroneous standard and its legal conclusions de novo. Castro v. Oklahoma, 71 F.3d 1502, 1510 (10th Cir. 1995).

## A. Exclusion Of Hearsay Evidence

As we understand his argument, Petitioner claims that the trial court's exclusion of certain hearsay evidence violated both Colorado state law as well as his due process rights. Aplt. Br. at 15. Mr. Matthews' hearsay claims revolve around an interview, conducted by Mr. Matthews' investigator, of the Cardenas boys, two minor friends of Mr. Matthews' son who both recalled observing Mr. Matthews' son engaged in sexual acts with L. and T. See 2 R. vol. 3 at 66-73. According to Mr. Matthews, the excluded hearsay evidence "could have permitted the jury to infer that [Mr. Matthews' son] had inflicted the assaults alleged in the charges against [Mr. Matthews]." Aplt. Br. at 11. Due to the unavailability at trial of the Cardenas boys, Mr. Matthews attempted to introduce the testimony of the investigator regarding their statements.

Mr. Matthews argues that the Cardenas boys' statements implicating Mr. Matthews' son in the sexual assault fit within the exception created by Colo. Rev. Stat. § 13-25-129, which provides that "[a]n out-of-court statement made by a child . . . describing any act of sexual contact . . . performed . . . in the presence of the child declarant" is admissible in any criminal proceeding. Aplt. Br. at 15. The trial court interpreted § 13-25-129 to apply only to hearsay statements by the victim of the crime or a child declarant who witnessed the crime, see 2 R. vol. 4 at 82-85; the state court of appeals concurred in this view, 1 R. doc. 20, app. A. at 8-9. Even if the state court erred in interpreting § 13-25-129, it is well established that "federal habeas corpus relief does

not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993), cert. denied, 114 S. Ct. 1074 (1994). Therefore, we do not address this claim.

Alternatively, Mr. Matthews argues that the trial court's exclusion of the Cardenas boys' statements offends his rights under the Fifth and Fourteenth Amendments. See Aplt. Br. at 10-15. We review due process challenges to state evidentiary rulings only for fundamental unfairness, see Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974); Hatch v. Oklahoma, 58 F.3d 1447, 1467 (10th Cir. 1995), petition for cert. filed, (U.S. Jan 16, 1996) (No. 95-8361), an inquiry which hinges on the materiality of the excluded evidence to the defense, Maes v. Thomas, 46 F.3d 979, 987 (10th Cir.), cert. denied, 115 S. Ct. 1972 (1995). Furthermore, although state and federal rules of evidence are helpful in determining whether a defendant's constitutional rights were violated, on habeas corpus review we need not address the state or federal rules of evidence, see Hopkinson v. Shillinger, 866 F.2d 1185, 1200 (10th Cir. 1989), cert. denied, 497 U.S. 1010 (1990); our inquiry is limited to whether the court's hearsay determinations deprived the defendant of his constitutional rights to due process and to compel favorable testimony. See United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982).

In this case, Mr. Matthews sought to demonstrate that his son, J., was the likely assailant of L. and T. by introducing the statements made by the Cardenas boys to Mr. Matthews' investigator. The trial court excluded the statements because they were not

relevant to the particular charges against Mr. Matthews and were insufficient under Colorado law to support the theory that Mr. Matthews' son was an alternative suspect. 2 R. vol. 4 at 83-85. The Colorado Court of Appeals affirmed the trial court's exclusion of this evidence, holding that "[a] defendant may not present evidence that another was an alternative suspect of a crime without proof that the other person committed some act directly connecting him to the particular charged offense." 1 R. doc. 20, app. A. at 8 (citing People v. Mulligan, 568 P.2d 449 (Colo. 1977)). The state court of appeals noted that Mr. Matthews had failed to offer sufficient evidence that J. had committed the sexual assaults during the time period Mr. Matthews was alleged to have assaulted the victims.

Of particular importance to the propriety of excluding the hearsay testimony is the finding by both the trial court and the magistrate that the Cardenas boys had moved away from the neighborhood and therefore were not in the neighborhood at the time Mr. Matthews allegedly assaulted L. and T. Moreover, the statements of the Cardenas boys indicate that the alleged sexual assaults committed by Mr. Matthews' son occurred at a house where the Matthews family had lived prior to moving to the house where the sexual assaults committed by Mr. Matthews took place. 1 R. doc. 31 at 10. The hearsay evidence sought to be introduced simply was not relevant in time or place to the charges against Mr. Matthews and therefore was not material to Mr. Matthews' defense. Cf. Maes, 46 F.3d at 987. Thus, the exclusion of the hearsay testimony was not fundamentally unfair. Cf. Hatch, 58 F.3d at 1467.

Finally, Mr. Matthews contends that "[s]ince hearsay was used to seek Mr. Matthews' conviction, it should also, as a matter of . . . Due Process of Law, have been available for his defense." Aplt. Br. at 15. Mr. Matthews essentially argues that the trial judge's admission of the state's hearsay evidence should permit Mr. Matthews to introduce hearsay evidence quid pro quo. See Aplt. Br. at 13-14. Such a claim is without merit. Admission or exclusion of hearsay is not an exercise in scorekeeping.

## B.  Cross-Examination Claims

Mr. Matthews argues that the trial court violated his Sixth Amendment right of confrontation by impermissibly curtailing his cross-examination of his son, J., and victim L. See Aplt. Br. At 20-24. An alleged violation of the Sixth Amendment right to confrontation presents a question of law that we review de novo. Hatch, 58 F.3d at 1467. We note that "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about . . . harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). Generally, "a criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness." Id. at 680.

### 1.  Mr. Matthews' Victim L.

Mr. Matthews sought to cross-examine and impeach L., the older victim, by questioning her about alleged sexual acts with Mr. Matthews' son, J. The trial court restricted such inquiry, ruling that evidence of sexual activity between J. and L. was admissible only if such evidence concerned the sexual acts on January 8, 1989, the date on which Mr. Matthews allegedly assaulted L. See 2 R. vol. 6 at 208-12, vol. 7 at 435-37. Accordingly, Mr. Matthews' attorney asked L. if she had engaged in sexual activity with J. on January 8, 1989. L. responded that she had not. See 2 R. vol. 7 at 431. The trial court allowed Mr. Matthews' attorney to question L. regarding a sexual act between L. and J. which allegedly occurred years earlier when L. was six. Mr. Matthews was also allowed to question L. regarding any possible motive to lie, including Mr. Matthews' refusal to permit L. to attend a gymnastics class and spend the night at the house of a friend. See 2 R. vol. 7 at 440-41.

The materiality of L.'s testimony to Mr. Matthews' defense involved the issues of whether Mr. Matthews sexually assaulted L. on January 8, 1989, and whether L. may have had a motive to falsely testify against Mr. Matthews. The record indicates that the trial court generously afforded Mr. Matthews ample opportunity to explore these issues in his cross-examination of L. The Confrontation Clause guarantees Mr. Matthews only "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (emphasis in original). Having reviewed the record, we find that

- 7 -

the trial court neither abused its discretion nor violated Mr. Matthews' Sixth Amendment right to confrontation by limiting Mr. Matthews' intended cross-examination of L.

## 2. Mr. Matthews' Son

Mr. Matthews sought to cross-examine and impeach his son, J., with information obtained from a psychologist's report that otherwise is not part of the record. The report was the product of an evaluation of J. conducted by a group called Redirecting Sexual Aggression ("RSA") and contained information indicating that J. often lied to avoid culpability, 2 R. vol. 8 at 657; would deny unacceptable behavior if confronted about such behavior, id.; displayed some characteristics of an adolescent who could have sexually abused his siblings, 2 R. vol. 7 at 521; and apparently attempted intercourse with a young female other than the victims in Michigan, id. The report did not indicate that J. had sexually assaulted his siblings at the times at which Mr. Matthews allegedly assaulted them. See 2 R. vol. 7 at 519-21, vol. 8 at 657-63. The trial court ruled that the report could be used to impeach J.'s character for truthfulness or untruthfulness only if J. denied having lied in the past, 2 R. vol. 8 at 661-62; the record further suggests that the trial court sought to ensure that the report was not used by Mr. Matthews to draw an inference regarding the sexual tendencies or behavior of J., 2 R. vol. 8 at 653-63.

Again, trial judges retain wide latitude under the Confrontation Clause to reasonably limit cross-examination to ensure relevancy and efficiency and to prevent confusion, harassment, repetitiveness and misleading the jury. Van Arsdall, 475 U.S. at

679. In this case, J.'s testimony that in fact he had lied in the past to get out of trouble was consistent with the information contained in the report. Furthermore, the trial court allowed Mr. Matthews to question J. about his sexual interaction with the victims on the date in question and at one other time years prior to the assaults by Mr. Matthews. The trial court's limitations were not an abuse of discretion and did not violate Mr. Matthews' Sixth Amendment rights.

### C. Denial Of Resources

#### 1. Transcripts

Mr. Matthews argues that the trial court violated his due process and equal protection rights under the Fifth and Fourteenth Amendments by denying his motion for the provision at the state's expense of transcripts of prior proceedings. See Aplt. Br. at 24-28. The trial court premised its denial upon its finding that Mr. Matthews was not indigent and therefore did not qualify for the provision of transcripts at state expense. 2 R. vol. 1 at 15-20. The trial court in part based its decision on the fact that although Mr. Matthews originally qualified for the appointment of a public defender, 2 R. vol. 2 at 3, vol. 3 at 7, he chose to retain a private attorney to represent him and also posted a $20,000 bail. The trial court subsequently denied Mr. Matthews' renewed motion for the transcripts primarily for the same reasons. 2 R. vol. 3 at 7-8.

We initially note that simply because a criminal defendant has been provided with a lawyer and posted bail due to the beneficence of his family does not, ipso facto, mean

that he loses his status as an indigent.  Cf. Jones v. Cowley, 28 F.3d 1067, 1072 (10th Cir. 1994) (criminal defendant whose resources are exhausted at trial or whose family assistance ceases is entitled to a state funded attorney for appeal).  An indigent defendant may not be deprived of the tools necessary to prepare a defense.  Such a defendant has a constitutional right to a free transcript of prior proceedings if it is reasonably necessary to present an effective defense at a subsequent proceeding.  United States v. Pulido, 879 F.2d 1255, 1256 (5th Cir. 1989); see also Britt v. North Carolina, 404 U.S. 226 (1971); Roberts v. LaVallee, 389 U.S. 40 (1967).  However, the mere request for a transcript by a defendant does not impose a constitutional duty on the trial court to order it prepared.  In Britt, the Supreme Court identified two factors relevant in determining whether an indigent defendant is constitutionally entitled to the provision of a transcript at state expense:  (1) the value of the transcript to the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript.  Britt, 404 U.S. at 227.

Mr. Matthews argues that the denial of the transcripts at state expense prevented him from effectively cross-examining Officer Steinbach, a police officer who had testified at both a motions hearing two months prior to trial and at trial.  Officer Steinbach's testimony at the hearing indicated that L. told him that Mr. Matthews had not penetrated her during the assault that forms the basis of Mr. Matthews' conviction, 2 R. vol. 3 at 59; however, at trial the officer testified that he could not recall L.'s statement

regarding penetration by Mr. Matthews, 2 R. vol. 7 at 352-54.

Even if there were no viable alternative devices available to Mr. Matthews to show that L. admitted she was not penetrated, we conclude that the trial court did not impinge on Mr. Matthews' constitutional rights by denying him a free transcript because the transcript would have offered relatively little value to Mr. Matthews in the presentation of an effective defense. See Pulido, 879 F.2d at 1256; Britt, 404 U.S. at 227. Such testimony, even if wholly believed by the jury, is not exculpatory because penetration is not an element of the crime of which Mr. Matthews was convicted, namely sexual assault on a child, Colo. Rev. Stat. § 18-3-405. Section 18-3-405 provides in pertinent part:

> Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim.

Colo. Rev. Stat. § 18-3-405(1). "Sexual contact" is defined as

> the knowingly touching of the victim's intimate parts by the actor . . . or the knowingly touching of the clothing covering the immediate area of the victim's . . . intimate parts if that sexual contact can reasonably be construed as being for the purposes of sexual arousal, gratification, or abuse.

Colo. Rev. Stat. § 18-3-401(4). Mr. Matthews' convictions would stand as a matter of law no matter how effectively Officer Steinbach was cross-examined with his prior testimony regarding Mr. Matthews' penetration of L.

Because we conclude that Mr. Matthews has not presented a sufficiently strong case for the necessity of the transcript given the charge, we need not address the trial

court's determination that Mr. Matthews' financial status disqualified him from obtaining a state-funded transcript.

## 2. Investigator and Psychiatric Expert

Mr. Matthews also filed motions requesting the appointment, at state expense, of an investigator, 2 R. vol. 1 at 17, and a psychiatric expert to counter the prosecution's anticipated psychiatric testimony concerning the reliability and credibility of the victims, 2 R. vol. 1 at 19-20. The trial court denied these motions based on its conclusion that Mr. Matthews was not indigent. 2 R. vol. 1 at 17-20, vol. 3 at 8. As we understand his argument, Mr. Matthews claims that such denials violated his due process and equal protection rights under the Fifth and Fourteenth Amendments. See Aplt. Br. at 26-28.

We review the trial court's denial of Mr. Matthews' motion to appoint an investigator and an expert for abuse of discretion. United States v. Nichols, 21 F.3d 1016, 1017 (10th Cir.), cert. denied,115 S. Ct. 523 (1994). An indigent defendant requesting appointment of an investigator or expert bears the burden of demonstrating with particularity that "such services are necessary to an adequate defense." United States v. Greschner, 802 F.2d 373, 376 (10th Cir. 1986), cert. denied, 480 U.S. 908 (1987); see also Caldwell v. Mississippi, 472 U.S. 320, 323 n.1 (1985). On habeas corpus review, a defendant must demonstrate that the trial court's refusal to appoint an expert or investigator caused substantial prejudice to his defense. See Coleman v. Brown, 802 F.2d 1227, 1236 (10th Cir. 1986), cert. denied, 482 U.S. 909 (1987). If an indigent defendant

makes a preliminary showing that his sanity is likely to be a significant factor at trial, the defendant is constitutionally entitled to a psychiatrist's assistance at the state's expense. See Ake v. Oklahoma, 470 U.S. 68, 74 (1985).

In this case, Mr. Matthews moved the court for the appointment of a state funded investigator to assist him in adequately assessing the testimony of the prosecution's twelve witnesses and processing several of his own witnesses. 2 R. vol. 1 at 17. Mr. Matthews based his request for the appointment of a psychiatric expert upon his belief that the prosecution would present psychological testimony against him, as well as the need to obtain "testimony to support his positions . . . concerning the reliability and credibility of the victims, [Mr. Matthews'] stepdaughter and natural daughter." 2 R. vol. 1 at 19. Mr. Matthews has not shown that "such services are necessary to an adequate defense." Greschner, 802 F.2d at 376. Instead, Mr. Matthews has "offered little more than undeveloped assertions that the requested assistance would be beneficial" to his defense. Caldwell, 472 U.S. at 323 n.1. He has made no showing that he was unable to adequately assess the testimony of the state's witnesses or process his own witnesses without the assistance of a state-appointed investigator. Furthermore, the record does not indicate that the prosecution presented the testimony of a psychiatrist or that Mr. Matthews demonstrated to the judge that his sanity or mental competency to stand trial was at issue. See Ake, 470 U.S. at 82-83. Although Mr. Matthews presented psychiatrically related testimony, concerning a physio-psychosexual evaluation of him

conducted by RSA, 2 R. vol. 8 at 621-66; 2 R. vol. 1 at 85-96, he has failed to demonstrate either the necessity of a psychiatric expert to the presentation of an adequate defense, Caldwell, 472 U.S. at 323 n.1, or that the court's refusal to appoint a psychiatric expert substantially prejudiced his defense, see Coleman, 802 F.2d at 1236.

AFFIRMED.