F I L E D
United States Court of Appeals
Tenth Circuit

FEB 7 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DANNY E. LOOK,

        Petitioner-Appellant,

v.

STEVE HARGETT,

        Respondent-Appellee.

No.  96-6045
(D.C. No. CIV-95-274-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Danny Eugene Look appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Because the exclusion of certain evidence did not violate petitioner's constitutional rights and because the evidence is sufficient to support his conviction, we affirm.

Petitioner was convicted of embezzlement by a trustee after former conviction of two or more felonies, Okla. Stat. tit. 21, § 1454 (1981), for which he received a forty-five year sentence. He was acquitted, however, of a second charge of assault and battery with a dangerous weapon with intent to kill. At trial, the victim of both crimes testified that her son, who was not a party to the proceedings, was a nonviolent, calm person without violent tendencies. Petitioner was not permitted to impeach this testimony with evidence of her son's former homicide conviction. Petitioner was also not permitted to impeach the victim's son's testimony with the former conviction. Based primarily on the victim's testimony, petitioner was convicted of embezzling approximately $50,000 with which the victim had entrusted him for investment.

On appeal, petitioner argued that exclusion of the impeachment evidence was an error which resulted in a miscarriage of justice, and that the evidence was not sufficient to support his conviction. The Oklahoma Court of Criminal Appeals summarily affirmed petitioner's conviction. Petitioner then filed this petition for a writ of habeas corpus, alleging that (1) exclusion of the

impeachment evidence violated due process and his rights under the Fifth and Sixth Amendments; and (2) the evidence was insufficient to support his conviction. In a well-written report and recommendation, the magistrate judge to whom the matter was referred found that exclusion of the impeachment evidence did not render the trial so fundamentally unfair as to constitute a denial of due process, and that even if exclusion of the evidence was erroneous, there was no showing that had the evidence been admitted, the outcome of the trial would have been different. R. I, doc. 11 at 3. The magistrate judge also concluded that the evidence was sufficient to support petitioner's conviction. Id. at 4-6. Upon de novo review, the district court adopted the report and recommendation, and this appeal followed.

We review the district court's denial of petitioner's habeas corpus petition de novo. Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir. 1994). While a due process challenge to a state evidentiary ruling is reviewed only for fundamental unfairness, an alleged violation of the Sixth Amendment right to confrontation is reviewed de novo. Matthews v. Price, 83 F.3d 328, 331, 332 (10th Cir. 1996); see also Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974) (discussing narrow review of due process claims).

After reviewing the record, we conclude that petitioner was deprived of neither due process nor his right to confrontation. Although petitioner now

argues that the excluded evidence was admissible to impeach the victim's credibility, his offer of proof at trial sought submission only to show that the crime for which the victim's son had been convicted was similar to the attempted strangulation with which petitioner was charged.  Tr. II at 227-28.  As petitioner was acquitted on this second charge, he could not have been prejudiced by the court's exclusion of the homicide conviction.  Moreover, petitioner was given the opportunity to cross-examine the victim on her son's propensity for violence, and was permitted to impeach her testimony by showing that he was involved in a knife altercation and that he had previously attacked the victim.  Id. at 108-09, 121-24, R. II, doc. 2, attached transcript excerpt at 186.  The victim's son and her granddaughter's former boyfriend also testified to these events.  Tr. III at 78-79, 112-114.  Evidence of the victim's son's homicide conviction, while marginally relevant to impeach the victim's testimony regarding her son's nonviolent nature, involved a collateral issue and was cumulative.  See, e.g., Maes v. Thomas, 46 F.3d 979, 988 (10th Cir. 1995) (holding exclusion of evidence regarding witness's probation status not fundamentally unfair when petitioner presented other evidence of his violent past).

As for petitioner's claim that he was prejudiced by his inability to impeach the victim's son with the former homicide conviction, petitioner has alleged only violations of state law.  Habeas relief is not available for state law errors.  See

Matthews, 83 F.3d at 331. Even assuming that petitioner alleged a constitutional violation as well, we see no fundamental unfairness or evidence that the exclusion had a substantial effect on the jury's verdict, in light of the limited nature of the victim's son's testimony regarding the embezzlement charge.

We also conclude that the evidence was sufficient to support petitioner's conviction. We review petitioner's sufficiency of the evidence claim de novo to determine, after considering the trial evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found each separate element of the crime charged was proved beyond a reasonable doubt. Maes, 46 F.3d at 988; see also Jackson v. Virginia, 443 U.S. 307, 319 (1979). Upon reviewing the record, we hold that a rational trier of fact could find each element of the embezzlement charge proved beyond a reasonable doubt.

We hereby grant petitioner a certificate of appealability. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge