**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CHRISTOBAL (LIBBY) VIGIL,

Petitioner-Appellant,

v.

JOHN SHANKS; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

Respondents-Appellees.

No. 96-2025
(D.C. No. CIV-92-537-M)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Christobal (Libby) Vigil appeals the district court's denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. We affirm.

Petitioner was convicted of trafficking cocaine and conspiracy to traffic cocaine and was sentenced to nine years' incarceration. The convictions were based on evidence seized from his home pursuant to a search warrant. Prior to trial, petitioner moved for suppression of the seized evidence, alleging that the affidavit upon which the warrant issued did not show probable cause, did not establish the sources of the information contained therein, and was not made from personal knowledge but from hearsay. At the suppression hearing, petitioner's counsel argued specifically that the evidence should be suppressed based on the lack of reliability of the police informant. The trial court denied the motion, finding that the two controlled buys described in the affidavit, in and of themselves, would provide probable cause, and that the additional allegations simply added to the strength of the probable cause showing.

On appeal to the New Mexico Court of Appeals, petitioner argued that the evidence should have been suppressed for several reasons, including the lack of independent evidence to corroborate the reliability of the informant. He also argued that the evidence was insufficient to support the convictions, and that his trial attorney was ineffective in failing to object to the procedure used after the

jury returned inconsistent jury forms. The court of appeals summarily affirmed, noting that information supplied by an informant must be sufficiently corroborated to establish the informant's credibility, and finding the controlled buys and the independent Crimestoppers' tips sufficient to establish probable cause. The court also found the evidence sufficient to support the convictions and that petitioner had not shown that his attorney was ineffective. The New Mexico Supreme Court denied review.

Petitioner filed a petition for a writ of habeas corpus with the New Mexico state court, making essentially the same arguments. The petition was denied, and certiorari review was refused.

Petitioner then filed this federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that failure to suppress the seized evidence violated his Fourth Amendment rights, that his trial attorney was ineffective in failing to argue certain theories and make certain objections, and that the evidence was insufficient to support his convictions. A magistrate judge recommended the petition be denied, finding that New Mexico had given petitioner a full and fair opportunity to challenge the search, that petitioner's trial counsel was not ineffective, and that the evidence was sufficient to support the convictions. The district court adopted the report and recommendation, and this appeal followed.

In reviewing the denial of habeas corpus relief, we review the district court's factual findings for clear error, and its legal conclusions de novo. See Matthews v. Price, 83 F.3d 328, 331 (10th Cir. 1996). Petitioner argues first that his Fourth Amendment rights were violated because the New Mexico courts failed to apply correct constitutional standards in determining whether the evidence should be suppressed. The district court found that the state courts applied correct constitutional standards and accorded petitioner a full and fair opportunity to litigate the suppression claim in state court, thus foreclosing federal review. We review this determination de novo.[1] See Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir. 1992).

A state prisoner is precluded from litigating Fourth Amendment claims in a federal habeas proceeding if he was accorded a full and fair opportunity to litigate such claims in state court. See Stone v. Powell, 428 U.S. 465, 494 (1976). We see no evidence that petitioner was denied such an opportunity. The state courts were apprised of petitioner's claims regarding the reliability of the police

---

[1]     On April 24, 1996, while this case was pending, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. The AEDPA amended the standards for reviewing § 2254 claims which were adjudicated on their merits in state court. We need not decide whether these new standards apply retroactively to pending cases because, even under the older, more liberal standards, petitioner cannot prevail. See Houchin v. Zavaras, No. 96-1187, 1997 WL 81157, at *5 (10th Cir. Feb. 27, 1997).

informant, but found nevertheless that the facts contained in the affidavit established probable cause. Their analysis shows that they considered the totality of the circumstances in making this determination, even if they did not analyze each fact contained in the affidavit separately.

Petitioner argues next that he was denied effective assistance of counsel at trial. We review an ineffectiveness of counsel claim de novo, as it presents a mixed question of law and fact. See Davis v. Executive Dir. of Dep't of Corrections, 100 F.3d 750, 759 (10th Cir. 1996). Because there is a strong presumption that counsel acted reasonably and represented his client effectively, we review counsel's performance with substantial deference. Id.

To establish a claim of ineffective assistance of counsel, petitioner must show first that counsel committed such serious errors, in light of prevailing professional norms, that the representation fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Petitioner then must show that his defense was prejudiced by counsel's errors. See id. at 687. We refrain from using hindsight to second-guess counsel's tactical decisions. See id. at 689.

Here, petitioner identifies as error tactical decisions made by his attorney. He does not show, however, that these decisions fell outside "the wide range of reasonable professional assistance," or that such decisions could not be

"considered sound trial strategy." Id. at 689. Nor has he shown that such decisions prejudiced his defense, speculating only that the defense may have been successful had different choices been made. For this reason, and for the reasons stated in the magistrate judge's report and recommendation, we conclude petitioner failed to establish that his trial attorney was ineffective.

Finally, petitioner argues that the evidence was insufficient to establish his possession of the cocaine and drug-dealing paraphernalia. We review the record for sufficiency of the evidence de novo. United States v. Wilson, No. 96-3062, 1997 WL 71659, at *2 (10th Cir. Feb. 20, 1997). "Evidence is sufficient to support a conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government." Id. (quotations omitted).

After reviewing the record, we conclude the evidence was sufficient to permit a reasonable jury to find that petitioner had, at the least, constructive possession of the cocaine. Constructive possession may be found when a person "knowingly has ownership, dominion or control over the narcotics and the premises where the narcotics are found," so long as the evidence shows "a sufficient nexus between the defendant and the narcotics." Id. at *3 (quotations omitted). Here, the search of petitioner's home revealed almost seventy grams of

cocaine in various parts of the house.  Further, the cocaine and distribution evidence were found next to petitioner's personal items, in areas where petitioner had been moments earlier, or in areas under petitioner's control.  For example, police found next to petitioner's jewelry a mirror with lines of cocaine, a razor blade, and a straw.  Near petitioner's wallet, which contained over $3,100 in cash, police located a scale, numerous large and small bindles of cocaine, cutting agents, and baggies.  In the bathroom, where petitioner had been moments before the search, police discovered a list of names and money amounts.  Finally, police located unfilled bindles for cocaine in the downstairs kitchen, undermining petitioner's theory that the cocaine belonged to construction workers who were remodeling the upstairs.  Based on this evidence, a reasonable jury could find petitioner guilty of the crimes for which he was convicted.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge