**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 24 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD G. HOGAN,

      Petitioner-Appellant,

v.

STEPHEN W. KAISER,

      Respondent-Appellee.

Case No. 97-6151
(D.C. CIV-96-2022)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Donald Hogan applies to this court for a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas corpus and its denial of a certificate of appealability under 28 U.S.C. § 2253. Because we determine that Mr. Hogan has failed to demonstrate a substantial showing of a denial of a constitutional right, we deny his application and dismiss the appeal.

On September 16, 1994, Mr. Hogan pled guilty in Oklahoma state court to assault and battery with a deadly weapon after three former convictions and was sentenced to twenty years in prison. See Rec. doc. 17, Exhibit C, at 11, 16. In his petition to the district court, Mr. Hogan alleged two grounds of constitutional error in the state proceeding: (1) that he was denied the effective assistance of trial counsel because his trial counsel did not timely appeal his conviction, see Rec. doc. 3, at 5, and (2) that he was not mentally competent to enter a guilty plea, see id. at 7.

The district court referred Mr. Hogan's petition to the magistrate judge, who issued a report that noted (1) that the trial court informed Mr. Hogan of his right to appeal or to withdraw his guilty plea and instructed Mr. Hogan how to do both, see Rec. doc. 20, at 8, (2) that although Mr. Hogan claimed his trial counsel did not enter a timely appeal on his behalf, Mr. Hogan did not allege that he ever asked his trial counsel to appeal his conviction and his trial counsel had no reason to think he should appeal, see id., and (3) as to his claim of mental incompetency, that portions of the transcript of Mr. Hogan's plea proceedings show a discussion

2

among the state court judge, Mr. Hogan, and his counsel that concluded with a finding that Mr. Hogan was competent to enter a plea of guilty, see id. at 5-7. (In fact, as the magistrate judge noted, Mr. Hogan stated repeatedly that he understood the proceedings, and the record shows that he had been afforded a competency hearing. See id.)

Mr. Hogan objected to the magistrate judge's Report and Recommendation by reasserting his claims. See Rec. doc. 21. After considering Mr. Hogan's objections, the district court adopted the magistrate judge's Report and Recommendation in its entirety. See Rec. doc. 23. Mr. Hogan submitted a timely appeal to this court. He reasserted the claims raised in his petition to the district court and included additional allegations of error. We review the district court's factual findings under the clearly erroneous standard and its legal conclusions de novo. See Matthews v. Price, 83 F.3d 328, 331 (10th Cir. 1996).

As for Mr. Hogan's initial assertion that he need not have a certificate of appealability because his habeas petition is not a second or subsequent application, we simply note that 28 U.S.C. § 2253, which requires a certificate of appealability before an appeal may be taken, applies to all 28 U.S.C. § 2254 petitions.

Regarding the claims Mr. Hogan presented to the district court, we have reviewed the magistrate judge's Report and Recommendation and the entire

3

record, including Mr. Hogan's petitions, the evidence submitted with them, and the transcript from his plea and sentencing. We agree with the district court that Mr. Hogan is not entitled to a certificate of appealability and hold that, for substantially the reasons stated in the magistrate judge's Report and Recommendation, Mr. Hogan cannot make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253.

Finally, as to the claims Mr. Hogan has raised for the first time on appeal, pro se litigants, like other litigants, are required to preserve issues for appeal by raising them below. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992) (stating that pro se litigants must "follow the same rules of procedure that govern other litigants"). We will not hear on appeal the claims he failed to present to the district court. Additionally, he has not exhausted his state court remedies as to at least two of the claims raised for the first time in this appeal, giving us further reason to refuse to entertain those claims. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

For the foregoing reasons, we deny Mr. Hogan's application for a certificate of appealability and dismiss the appeal. The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge

4