**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MELAQUIAS SANDOVAL,

    Petitioner-Appellant,

v.

J.W. BOOKER,

    Respondent-Appellee.

No. 97-1412

(D.C. No. 97-Z-225)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

    Petitioner Melaquias Sandoval appeals the district court's dismissal of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.[1]  Petitioner also seeks leave to proceed on appeal in forma pauperis.  Our jurisdiction arises under 28 U.S.C.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this case. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

[1] Although petitioner filed a motion for a certificate of appealability, we note that one is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241.  McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

§ 1291.

Petitioner was convicted of conspiracy to distribute, and possession with intent to distribute cocaine, in respective violation of 21 U.S.C. §§ 846 and 841(a)(1). On August 6, 1986, the district court sentenced Petitioner to one term of seven years and one term of five years with a four-year special parole term, to be served concurrently. Petitioner was released on June 3, 1993. On March 14, 1996, the United States Parole Commission (hereinafter "USPC") revoked Petitioner's parole after determining he had violated the terms of his special parole. Petitioner then filed two requests with the Bureau of Prisons for administrative relief, claiming the USPC lacked jurisdiction to revoke his parole because the violations occurred after the expiration of his special parole. The Petitioner did not complete the administrative grievance process and instead filed a petition for a writ of habeas corpus in the district court. On October 14, 1997, the district court dismissed the petition with prejudice for failure to exhaust administrative remedies.

We first address Petitioner's application to proceed in forma pauperis. Having reviewed Petitioner's affidavit and the other materials filed in support of his application, we conclude that he has demonstrated his inability to pay the required fees and the existence of a nonfrivolous argument in support of the issues he raises on appeal.[2] See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). Accordingly, we grant his

_____

[2] We note that the in forma pauperis filing fee provisions of the Prison Litigation Reform Act of 1995 do not apply to § 2241 proceedings. McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997).

application to proceed in forma pauperis.

We now turn to the merits of this appeal. Petitioner challenges the district court's dismissal of his petition for failure to exhaust administrative remedies. We review the district court's factual findings for clear error and its legal conclusions de novo. Matthews v. Price, 83 F.3d 328, 331 (10th Cir. 1996). After reviewing the parties' briefs, pleadings, and the entire record before us, we agree with the district court that Petitioner did not exhaust his administrative remedies. Therefore, he may not seek relief under 28 U.S.C. § 2241 until his administrative remedies are exhausted. Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986). Although we agree with the district court's conclusion that Petitioner failed to exhaust his administrative remedies, the district court erred in dismissing the petition with prejudice. The dismissal of a habeas petition for failure to exhaust administrative remedies should generally be without prejudice. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). Consequently, we remand to the district court with instructions to vacate its order and to enter an order dismissing the petition without prejudice for failure to exhaust administrative remedies.

REMANDED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3