166 F.3d 1221
 1999 CJ C.A.R. 647
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John W. PERKO, Jr., Petitioner-Appellant,
v.
UNITED STATE of America; Federal Bureau of Prisons; Joel H.
Knowles, Warden; Attorney General, Respondents-Appellees.
 No. 98-1319.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1999.
 
 1
 Before SEYMOUR, Chief Judge, BALDOCK, and HENRY, C.J.**
 
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 BALDOCK.
 
 
 4
 Petitioner John W. Perko appeals the district court's dismissal of his 42 U.S.C. § 2241 petition for a writ of habeas corpus. Petitioner also seeks leave to proceed on appeal in forma pauperis. Our jurisdiction arises under 28 U.S.C. § 1291.
 
 
 5
 Petitioner is an inmate at the United States Penitentiary in Florence, Colorado. On March 12, 1998, Petitioner filed a § 2241 petition purporting to challenge the execution of his sentence. Petitioner alleged that he entered a guilty plea pursuant to a plea agreement in the District of South Dakota in July 1996. He further alleged that the information and indictment in the case "did not fall within the standards needed to convict and sentence an American Indian committing a crime within Indian Country."
 
 
 6
 On July 9, 1998, the district court issued an order to show cause why the § 2241 petition should not be denied because Petitioner had an adequate and effective remedy under 28 U.S.C. § 2255. After receipt of Petitioner's response, the district court concluded that Petitioner was in actuality challenging the validity of his criminal conviction and sentence, for which § 2255 provides an adequate and effective remedy. Consequently, the district court dismissed the § 2241 petition.
 
 
 7
 We first address Petitioner's application to proceed in forma pauperis. Having reviewed Petitioner's affidavit and the other materials filed in support of his application, we grant his application to proceed in forma pauperis.[1]
 
 
 8
 We turn to the merits of this appeal. We review the district court's factual findings for clear error and its legal conclusions de novo. See Matthews v. Price, 83 F.3d 328, 331 (10th Cir.1996). A petition under § 2241 "attacks the execution of a sentence rather than its validity and must be filed where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir.1996). In contrast, a § 2255 petition "attacks the legality of detention and must be filed in the district that imposed the sentence." Id. (internal citations omitted). Under § 2255 a prisoner may seek to "vacate, set aside or correct" a sentence imposed by a court "without jurisdiction to impose such sentence." 28 U.S.C. § 2255. Section 2255 is the "exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective." Bradshaw, 86 F.3d at 166.
 
 
 9
 After reviewing the briefs, pleadings and the entire record before us, we conclude, for substantially the same reasons as the district court, that Petitioner should have attacked his conviction and sentence pursuant to § 2255 in the District of South Dakota. The district court, however, should have dismissed the § 2241 petition without prejudice in order to allow Petitioner to file a § 2255 petition in the District of South Dakota. See id. at 167. Accordingly, we modify the district court's Order of Dismissal to reflect that the dismissal of the petition is WITHOUT PREJUDICE.
 
 
 10
 AFFIRMED AS MODIFIED.
 
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this case. See Fed.R.App.P. 34(a)(2)(C); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3
 
 
 [1]
 We note that the in forma pauperis filing fee provisions of the Prison Litigation Reform Act of 1995 do not apply to § 2241 proceedings. McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir.1997)