**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HAROLD GENE HAYNIE,

      Petitioner-Appellant,

v.

ROBERT FURLONG, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 98-1177
(D.C. No. 97-Z-576)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

Petitioner-Appellant Harold Gene Haynie seeks a certificate of

appealability to appeal the district court's order denying him habeas relief

pursuant to 28 U.S.C. § 2254.  Because Haynie has failed to make "a substantial

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability and dismiss the appeal.

## BACKGROUND

Haynie challenges his 1989 state convictions on charges of second degree kidnaping, in violation of Colo. Rev. Stat. §§ 18-3-302(1) and (3)(a). The kidnaping charges arose when Haynie failed to return his two young sons to the custody of his ex-wife at the end of a week's holiday visitation. Under a 1987 Texas divorce decree, the mother was granted permanent custody of the children and Haynie was permitted visitation, including on December 25th - 29th of each year. The children, who resided with their mother in Montrose, Colorado, were delivered to Haynie on December 25, 1988. Haynie then left the state on vacation, but failed to return the children to Colorado on the 29th as required. The children were located in Ohio in January 1989 and were placed in foster care until they were returned to the mother. A social services investigation subsequently revealed that Haynie had sexually assaulted his older son.

Haynie was convicted by a Colorado jury on two counts of second degree kidnaping, including one count of kidnaping involving sexual assault. The Colorado Court of Appeals affirmed his convictions, see People v. Haynie, 826 P.2d 371 (Colo. Ct. App. 1991), and the Colorado Supreme Court denied certiorari.

In 1997, Haynie filed a petition for habeas relief under 28 U.S.C. § 2254, claiming violations of his constitutional right to counsel, due process, and confrontation. The district court denied his petition, dismissed his cause of action, and subsequently denied his application for a certificate of appealability. Haynie now appeals.

## DISCUSSION

Haynie's first claim is that he was denied his Sixth Amendment right to counsel. Haynie was originally appointed counsel from the Montrose County Public Defender's Office, but became dissatisfied with his public defender and moved for appointment of different counsel from outside the Montrose Defender's Office. After multiple hearings on the issue, the trial court found that the public defender's representation was competent and that Haynie had failed to establish good cause to dismiss the attorney. Nonetheless, the trial court gave Haynie a choice of proceeding pro se or with a different public defender from the Montrose County office. Not wanting representation from any defender from the Montrose County office, Haynie opted to proceed pro se. The court later appointed advisory counsel.

Haynie now contends that he was deprived of his right to counsel in that the trial court erred in denying his motion to be appointed new counsel, such that Haynie felt forced to proceed pro se.

Although the Sixth Amendment contemplates a right to counsel of choice, that right is generally cognizable only to the extent defendant can retain counsel with private funds; an indigent defendant does not have an absolute right to choose appointed counsel. See United States v. Mendoza-Salgado, 964 F.2d 993, 1014 & n.12 (10th Cir. 1992). To warrant substitution of appointed counsel, Haynie had to "'show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict.'" United States v. Blaze, 143 F.3d 585, 593 (10th Cir. 1998) (quoting United States v. Padilla, 819 F.2d 952, 955 (10th Cir. 1987)). Here, the trial court not only found Haynie's original counsel to be competent, but offered Haynie the opportunity nonetheless to be represented by another public defender. Haynie chose to proceed pro se. On these facts, Haynie's choice did not amount to a deprivation of his constitutional right to counsel.

Haynie next argues that the state of Colorado lacked jurisdiction to try him for kidnaping because he was in Ohio, not Colorado, when the kidnaping occurred on December 29, 1988 – the date Haynie failed to return his sons to their mother.

To the extent that Haynie intends to present this claim as a deprivation of constitutional due process, it is unclear whether this claim was properly exhausted in the state courts, as Haynie did not couch the jurisdiction claim in state court as

a deprivation of a federal constitutional right.[1]   In any event, the Colorado Court of Appeals addressed the issue of the state's jurisdiction on direct appeal and concluded that under Colo. Rev. Stat. § 18-1-201(3)[2], Haynie had a duty under Colorado law to return the children at the end of the visitation period, and that his presence in or outside the state was immaterial to his violation of that duty.  See Haynie, 826 P.2d at 373-74.   We are bound by the state appellate court's interpretation of its own statute on this point and therefore conclude that Haynie's jurisdictional claim lacks merit.

Finally, Haynie contends that he was deprived of his Sixth Amendment right to confront his accuser when the prosecution failed to present the child victim as a witness at trial and instead relied on various hearsay statements. Haynie argues that under Colo. Rev. Stat. § 18-3-413(3)[3], the trial court was

---

[1]In his brief, Haynie now appears to ground his claim in his Sixth Amendment right to be tried in "the State and district wherein the crime shall have been committed."  Haynie offers this argument for the first time on appeal, and we therefore decline to consider it.

[2]Colo. Rev. Stat. § 18-1-201(3) provides:
Whether an offender is in or outside of the state is immaterial to the commission of an offense based on an omission to perform a duty imposed by the law of this state.

[3]Colo. Rev. Stat. § 18-3-413 provides in relevant part:
(1) When a defendant has been charged with an unlawful sexual offense . . . and when the victim at the time of the commission of the act is a child less than fifteen years of age, the prosecution may apply to the court for an order that a deposition be taken of the victim's

(continued...)

required to conduct a video deposition of the child victim. Haynie contends that the trial court erred in failing to make a finding that the child was available to testify via video deposition and in failing to follow the provisions of § 18-3-413(3).

Inasmuch as Haynie's claim is founded on state law procedures, we cannot address it, because "'federal habeas corpus relief does not lie for errors of state law.'" Matthews v. Price, 83 F.3d 328, 331 (10th Cir. 1996) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).  Even so, Haynie has failed to show any constitutional violation, as the record reveals that the trial court complied with the requirements of Idaho v. Wright, 497 U.S. 805 (1990), in finding that the child witness was unavailable to testify at trial and that the hearsay statements offered by the prosecution bore the requisite indicia of reliability to be admissible.

Haynie further argues on appeal that the federal district court should have appointed counsel to assist him during his habeas proceedings below.  There is no

---

[3](...continued)
testimony and that the deposition be recorded and preserved on video tape.
(3) Upon timely receipt of the application, the court shall make a preliminary finding regarding whether, at the time of trial, the victim is likely to be . . . unavailable . . . . If the court so finds, it shall order that the deposition be taken . . . and preserved on video tape. . . .
(4) If at the time of trial the court finds that further testimony would cause the victim emotional trauma so that the victim is . . . unavailable . . . the court may admit the video tape of the victim's deposition as former testimony . . . .

constitutional right to counsel beyond the direct appeal of a criminal conviction; appointment of counsel in a § 2254 proceeding is generally left to the court's discretion.  See Swazo v. Wyoming Department of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994); see also 18 U.S.C. § 3006A(2)(B) (permitting appointment of counsel to persons seeking relief under § 2254 when "the interests of justice so require").  We find no abuse of discretion by the district court.

## CONCLUSION

After reviewing Haynie's application for a certificate of appealability, his brief, and the record before us, we conclude that petitioner's claims are meritless. Because Haynie has failed to make the required showing under 28 U.S.C. § 2253(c)(2), we DENY his request for a certificate of appealability, DENY his motion to stay proceedings as moot, and DISMISS the appeal.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge