**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN KENNEDY ONYANGO,

    Petitioner - Appellant,

v.

JANET DOWLING, Warden,

    Respondent - Appellee.

No. 18-6007
(D.C. No. 5:17-CV-00384-HE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

## I.  BACKGROUND

Oklahoma state prisoner John Kennedy Onyango was convicted for a rape that

occurred in July 2010.  He was sentenced to 35 years in prison.

Mr. Onyango's defense was that the victim's mother had fabricated the charge and

had coached the victim because he had caused her boyfriend to be fired from a job.

Before his trial, the state court refused Mr. Onyango's request to present a state social

worker's opinion that the mother had coached the victim and the victim's brother on what

to say to authorities during an investigation in 2009 of the mother and her boyfriend for

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

child abuse. At the trial, Mr. Onyango had the opportunity to cross-examine the victim, the mother, and a forensic interviewer of the victim. He also testified in his own defense.

On appeal, the Oklahoma Court of Criminal Appeals ("OCCA") denied that this ruling was an abuse of discretion or that it violated Mr. Onyango's right to present a defense under the Sixth and Fourteenth Amendments, reasoning as follows:

> Although a defendant has a constitutional right to present evidence in his defense, the evidence proffered must conform to well established rules of evidence. *See Holmes v. South Carolina*, 547 U.S. 319, 326 (2006). Here, the trial court did not abuse its discretion as the evidence proffered did not meet the relevancy requirements of the evidence code. The evidence was not relevant to the credibility or believability of the victims regarding the issues in this case. This proposition is, therefore, denied.

ROA at 41.

The federal district court denied habeas relief under 18 U.S.C. § 2254 to Mr. Onyango, adopting a magistrate judge's Report and Recommendation ("R&R") and holding the OCCA's decision was not contrary to or an unreasonable application of clearly established Supreme Court law under § 2254(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The court also denied a certificate of appealability ("COA") to Mr. Onyango. ROA at 35.

Mr. Onyango now seeks a COA to appeal the district court's denial of his § 2254 application. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny his request and dismiss this matter.

2

## II. **DISCUSSION**

### A. *COA and AEDPA*

To obtain a COA, Mr. Onyango must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

AEDPA governs federal habeas review of state court decisions. *See* 28 U.S.C. § 2254. If state court proceedings decided the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2); *see also Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). In deciding whether to grant a COA, we are required to "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Under AEDPA, a federal court may "issue the writ" only when the applicant shows "there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Richter*, 562 U.S. at 102 (emphasis added). Thus, "even a strong case for relief does not mean the state court's

contrary conclusion was unreasonable." *Id.* "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Richter*, 562 U.S. at 102). Indeed, AEDPA stops just "short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102. Accordingly, "[w]e will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Titlow*, 572 U.S. at 20 (quoting *Richter*, 562 U.S. at 102) (alteration omitted).

## B. *Analysis*

In his brief to this court, Mr. Onyango does not mention AEDPA other than to summarize the district court's conclusion that, "in terms of the AEDPA, the decision of the OCCA was not contrary to clearly established law." Aplt. Br. at 18. The district court specifically stated that "the OCCA's determination of the issue did not involve an unreasonable application of Supreme Court precedent." ROA at 34. Mr. Onyango has not shown "there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents," *Richter*, 562 U.S. at 102 (emphasis added), or that reasonable jurists could debate the district court's denial of his § 2254 application.

Although the OCCA relied on *Holmes* to affirm, Mr. Onyango does not mention it. Instead, as in the district court, he relies on *Taylor v. Illinois*, 484 U.S. 400 (1988); *Crane v. Kentucky*, 476 U.S. 683 (1986); and *Washington v. Texas*, 388 U.S. 14 (1967), for the general proposition that the "right to present a defense" includes "the right to call

4

witnesses" whose "testimony is relevant to the defense." Aplt. Br. at 20.[1]  But, as the magistrate judge pointed out in the R&R, these decisions are not on point.  ROA at 13 n.7.  In these cases, the Supreme Court considered, respectively, rules excluding (1) evidence as a sanction, (2) the manner a confession was secured, and (3) testimony of principals, accomplices, and accessories in support of each other.  *Crane* and *Washington* addressed whether the exclusion of evidence was based on an arbitrary rule.  *Taylor* involved the exclusion of testimony as a sanction for the defendant's discovery violations.

In this case, by contrast, the state trial court applied Oklahoma's law on relevance. Under Oklahoma Statutes title 12, § 2401, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Under § 2403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise."  Unlike the rules in the cases cited by Mr. Onyango, the ones applied here were "well-established rules of evidence [that] permit trial judges to exclude

---

[1] A defendant's right to present a defense is essential to a fair trial but is not absolute. *United States v. Bautista*, 145 F.3d 1140, 1151 (10th Cir. 1998).  For example, "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988).  "A defendant must abide the rules of evidence and procedure." *Bautista*, 145 F.3d at 1151-52; *see United States v. Prince–Oyibo,* 320 F.3d 494, 501 (4th Cir. 2003) ("[C]riminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial.")

evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes*, 547 U.S. at 326.

Based on the record, and given that the opinion testimony Mr. Onyango wished to present stemmed from an investigation of the victim's mother and her boyfriend that occurred during the year before the rape, the OCCA determined that "the trial court did not abuse its discretion as the evidence proffered did not meet the relevancy requirements of the evidence code." ROA at 41.

In its order denying Mr. Onyango's § 2254 application, the district court said "the trial court ruled that the disputed evidence was not relevant and that the danger of prejudice outweighed its probative value." *Id.* at 33. Although it also said that the state "trial court's decision to exclude the evidence might reasonably be debated" and that "some judges might well have reached a [different] conclusion," *id.* at 34, the district court did not address the OCCA's conclusion that there was no abuse of discretion. This was consistent with the rule that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).[2] The district court denied habeas relief because Mr. Onyanga's application foundered on the AEDPA standard: "[T]he OCCA's determination of the issue did not involve an unreasonable application of Supreme Court precedent." ROA at

---

[2] This court has said that "an evidentiary ruling infringes a defendant's due process rights only if the district court violates the Federal Rules of Evidence." *United States v. Oldbear*, 568 F.3d 814, 820 (10th Circuit 2009).

6

34. Mr. Onyango has not shown otherwise or that reasonable jurists could debate the district court's decision.

Regardless of the state-law reason the evidence was excluded, "to be eligible for federal habeas relief, [Mr. Onyango] must prove that the state trial court's evidentiary ruling rendered the trial so fundamentally unfair as to constitute a denial of federal constitutional rights," *Duvall v. Reynolds,* 139 F.3d 768, 789 (10th Cir. 1998) (quotations omitted); *see also Mathews v. Price,* 83 F.3d 328, 332 (10th Cir. 1996), and that any such violation was contrary to or an unreasonable application of clearly established Supreme Court law. Mr. Onyango has not done so, nor has he shown that reasonable jurists could debate the district court's application of AEDPA to deny habeas relief.

## III. **CONCLUSION**

We deny Mr. Onyango's request for a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

7