David STUCKEY, Petitioner,

v.

Richard KOERNER, et al., Respondents.

No. 98–3140–DES.

United States District Court, D. Kansas.

Sept. 10, 1999.

David J. Gottlieb, Jean K. Gilles Phillips, University of Kansas, School of Law, Lawrence, KS, for David Stuckey, petitioner.

David Stuckey, Topeka, KS, petitioner pro se.

Jared S. Maag, Office of Attorney General, Topeka, KS, for Koerner, respondents.

### *MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner challenges the legality of his conviction of two counts of aggravated robbery and one count of robbery. The petitioner alleges that the trial court improperly excluded evidence from the trial which was critical to his defense and improperly allowed hearsay statements into evidence. Both parties have submitted briefs on this issue and the court is ready to rule.

## I. BACKGROUND

The petitioner was convicted of two counts of aggravated robbery and one count of robbery. The events leading up to these three convictions all took place on January 27, 1994. According to the evidence presented by the state at trial, at approximately 7:30 p.m., Debra Williams was approached from behind while walking in the parking lot of a Dillon's grocery store. The person took Williams' purse and escaped in a light-colored car with a black top. Williams described the person as a slender black man, 5'6" to 6'0" tall and 135 pounds, dressed in a dark stocking cap, jacket and clothing. A security guard, James Moore, witnessed the robbery from 25 feet away. Moore described the person as a black male, 5'7" to 5'9" tall and 140 to 160 pounds, clothed in a blue jacket and ski mask. Moore observed that the license plate on the car the person escaped in contained the numbers 338. Two witnesses to the incident reported to Moore that the plate contained either the letters EIA or EIN. Williams picked the petitioner out of a photo lineup several days after the robbery and identified the petitioner as the robber at trial.

At approximately 8:00 p.m. that same evening, Officer Todd Ojile of the Wichita Police Department encountered the petitioner while attempting to serve a warrant on another person at a Wichita home. Ojile saw the petitioner and another man drive up to the house in a white Buick with a black top. The car's license plate number was EIA 338. Ojile spoke with the petitioner inside the house and the peti-

tioner identified himself. Ojile learned the next day that the petitioner was a robbery suspect and was able to pick the petitioner out of a photo lineup.

Between 8:25 and 9:00 p.m. on that same evening, Phyliss Lenz was approaching another Dillon's store in the Wichita area when an individual approached her from behind and attempted to grab her purse. Lenz fell to the ground, but continued to hold onto her purse. Lenz was dragged approximately ten feet before the purse strap broke and the robber escaped. Arthur Kuehn followed the individual around the corner of the store and observed him getting into a white car with a black top. The car's license plate number was EIA 338. Lenz described the robber as a black male in a green army jacket. She could not positively identify the robber in a photo lineup, but did identify the petitioner as the robber at his preliminary hearing and his trial.

Between 10:15 and 11:25 p.m. of the same evening, Jim Dugan and Carolyn Baird were knocked to the ground by an individual at the Crossroads Shopping Center parking lot. The individual then fled with Baird's purse. Baird observed the robber from fifteen feet away before the attack. She described him as a black man of average height and slender build. Baird picked the petitioner our of a photo lineup four days after the robbery. She also identified the petitioner as the robber at trial.

The petitioner was charged with one count of robbery and two counts of aggravated robbery. At trial, Ronald Sandidge testified for the petitioner. Sandidge stated that he owned the car that was used in the January 27, 1994, robberies. He also stated that he did not know the petitioner but that he had been introduced to him once in January 1994 by a mutual friend. According to Sandidge, the petitioner had never been in his car. Sandidge claimed that he did not put the license plate bearing EIA 338 on his car until March of 1994.

Prior to trial, the trial court granted the state's motion in limine regarding evidence concerning Sandidge. The petitioner wanted to introduce evidence at trial which he felt would implicate Sandidge in the robberies. This evidence included the fact that Sandidge was the owner of the car used in the robberies, and that Sandidge had been convicted of similar robberies at Dillon's stores in the Wichita area. Sandidge indicated before trial that he would invoke his Fifth Amendment right against self-incrimination if asked questions about the robberies in this case unless the state agreed to give him full immunity. The state was unwilling to give this grant of immunity. In addition to limiting the questioning of Sandidge, the trial court also barred any questioning of Detective O'Mara during the trial concerning the other robberies committed by Sandidge.

The trial court also allowed the hearsay statements of the two witnesses who reported the letters on the license plate to Moore at the first robbery. The court ruled that these witnesses were unavailable at trial, and therefore allowed the evidence as an exception to the hearsay rule.

The petitioner was convicted by a jury of these three robberies. He appealed his conviction to the Kansas Court of Appeals, who denied his appeal. His petition for review to the Kansas Supreme Court was denied. Following that denial, the petitioner filed this action seeking habeas corpus relief under 28 U.S.C. § 2254.

## II. STANDARD OF REVIEW

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Feder-

al law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard has been further explained by the Tenth Circuit Court of Appeals as follows:

A state court decision is "contrary to, or involves an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" if: (1) the state court decision is in square conflict with Supreme Court precedent which is controlling on law and fact; or (2) if no such controlling decision exists, the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant Supreme Court precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts. In short, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

*Roberts v. Ward*, No. 98–6066, 1999 WL 162751, at *3 (10th Cir. March 25, 1999) (unpublished opinion) (citing *Sexton v. French*, 163 F.3d 874, 880 (4th Cir.1998); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir.1998)).

## III. ANALYSIS

### A. Exclusion of evidence concerning Ronald Sandidge

■ The petitioner raises two issues in his petition concerning evidence which the trial court excluded at trial. The first issue is whether the trial court properly prohibited the petitioner from asking Robert Sandidge about his prior conviction for robberies which were similar to the ones the petitioner was charged with committing. The petitioner intended on introducing evidence at trial that Sandidge was actually the person who committed the robberies on January 27, 1994. After a hearing on this issue, the trial court granted the state's motion in limine to exclude this testimony as irrelevant. The petitioner contends that this violated his right to present a defense.

The basis for the trial judge's ruling, as well as the Kansas Court of Appeals' decision, was a well settled rule of evidence in Kansas that when the state produces direct evidence of guilt, "circumstantial evidence that someone other than the defendant committed the crime charged is irrelevant in the absence of other evidence to connect such third party with the crime." *State v. Bornholdt*, 261 Kan. 644, 932 P.2d 964, 980 (1997). The petitioner argues that this rule of evidence no longer has a proper basis in Kansas law and should not have been applied in this case.

The next evidentiary ruling challenged by the petitioner was the order in limine which limited the cross-examination of Detective O'Mara. In the same ruling which limited the questioning of Sandidge, the court prohibited the petitioner from questioning Detective O'Mara about the prior crimes which Sandidge had committed. The petitioner contends that this ruling prohibited him from presenting a defense and violated his Sixth Amendment right to cross-examine his accusers. This issue is closely tied to the order limiting the questioning of Sandidge. Because the questioning of O'Mara would have only established circumstantial evidence that someone other than the petitioner committed these crimes, the Kansas courts held that the evidence was irrelevant.

The court finds that the exclusion of this evidence at trial does not provide the petitioner a basis for relief under § 2254. The petitioner has failed to show that the trial court's reliance on the evidentiary rule that had been clearly established by the Kansas Supreme Court was contrary to any federal law, as determined by the Supreme Court. In addition, the petitioner has failed to show that the trial court's ruling resulted in a decision which was

unreasonable, especially given the large amount of evidence presented against the petitioner at trial which including positive identifications by all of the victims.

### B. Admission of hearsay statements

■ The petitioner next argues that the trial court erred by allowing hearsay statements of two unknown witnesses concerning the license plate number of the car used in the robbery committed against Debra Williams. As indicated above, two witnesses to the first robbery approached the security guard at Dillons and informed him that the letters on the license plate of the car used in the robbery were either EIA or EIN. The witnesses then apparently left the scene without giving anyone their names or addresses. The trial court ruled that the witnesses were unavailable to testify at trial and admitted their statements pursuant to Kan.Stat.Ann. § 60–460(d)(3). Kan.Stat.Ann. § 60–460(d)(3) allows for the admission of a hearsay statement if such a statement was made in good faith with no incentive to falsify or distort by an unavailable declarant with clear recollection if the statement was made at a time when the matter had been recently perceived. The petitioner claims that the admission of these statements violated his rights under the confrontation clause.

■ The court finds that a decision on whether the admission of these statements violated the confrontation is not necessary to decide this case. Confrontation clause violations are constitutional trial errors that are subject to harmless error analysis. *Crespin v. New Mexico,* 144 F.3d 641 (10th Cir.1998). Therefore, even if the admission of the statements violates the confrontation clause, the petitioner will not be entitled to relief if the admission was harmless.

> Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Delaware v. Van Arsdall,* 475 U.S. 673, 683, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (concurring opinion).

The court finds, after reviewing the above mentioned factors, that the admission of the statements regarding the letters on the license plate in the first robbery would clearly fall under the harmless error rule if the court found that a confrontation clause violation had occurred. Given the positive identification of the petitioner by the victim of the robbery, both in a photo lineup and at trial, the fact that one-half of the license plate number was remembered by the security guard who testified at trial, and was subject to cross-examination, and the other testimony which tied the petitioner to the car used in the robberies, including the testimony of Officer Ojile, it is clear that the statements regarding the letters which appeared on the license plate were not important to the state's case. Given the overall strength of the state's case, the court fails to see how the admission or exclusion of these statements would have any impact, whatsoever, on the outcome of this case. Having found that the admission of the hearsay statements regarding the letters appearing on the license plate would be considered harmless error if a constitutional violation were found, the court finds that the petitioner is not entitled to any relief under § 2254.

## IV. CONCLUSION

The court finds that the petitioner is not entitled to any relief in this case. The petitioner has failed to raise any argument which would show that state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254.

**IT IS THEREFORE BY THIS COURT ORDERED** that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is denied.