**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID STUCKEY,

  Petitioner-Appellant,

v.

RICHARD KOERNER; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

  Respondents-Appellees.

No. 99-3318
(D.C. No. 98-3140-DES)
(D. Kan.)
(71 F. Supp. 2d 1093)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.


    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In April 1998, petitioner David Stuckey filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1995 convictions in a Kansas state court on one count of robbery and two counts of aggravated robbery. In his petition, Mr. Stuckey contended that the state court denied him his right to due process by prohibiting his introduction of circumstantial evidence that another individual committed the crimes, under a Kansas common law rule generally making such circumstantial evidence irrelevant when the state relies on direct evidence of guilt. The district court denied the petition, *see Stuckey v. Koerner*, 71 F. Supp. 2d 1093 (D. Kan. 1999), and Mr. Stuckey appeals. We grant his request for a certificate of appealability, *see* 28 U.S.C. § 2253(c), and affirm.

## Background

The facts are presented in detail in the district court's decision, *see Stuckey*, 71 F. Supp. 2d at 1094-95, and we summarize only what is necessary for our analysis. Petitioner was convicted of three purse-snatchings that occurred in Wichita on the evening of January 27, 1994. Two of the robberies occurred at different Dillon's grocery store parking lots, and the third took place at a shopping center parking lot. Two of the victims identified Mr. Stuckey both before and at trial as the individual who took their purses. The third victim identified Mr. Stuckey both before and at trial as an individual she saw in the parking lot shortly before she was knocked down and her purse stolen. There was

-2-

evidence that Mr. Stuckey left the two Dillon's robberies in a light-colored car with a dark top with the license number EIA 338. Additionally, a police officer investigating an unrelated matter encountered Mr. Stuckey that night in the same vehicle.

The crux of Mr. Stuckey's defense was that another man who apparently looked similar to him, Ronald Sandidge, committed the crimes. Called as a witness by Mr. Stuckey, Mr. Sandidge testified at trial that he owned a light-colored car with a dark top with the license number EIA 338 and that he purchased the car in mid-January 1994, but did not put that license on the car until March 1994. He also testified he did not know Mr. Stuckey but had been introduced to him by a mutual friend once in January 1994, possibly at the location at which the police officer encountered Mr. Stuckey on January 27. He further testified that Mr. Stuckey had never been in his car.

It is what the trial court prevented Mr. Sandidge from saying at trial, along with the related testimony by a detective that the court also excluded, that leads to Mr. Stuckey's due process claim. Mr. Stuckey proffered that Mr. Sandidge would have testified that he had been convicted of several purse-snatchings that occurred in Wichita from March to May 1994, that in committing these crimes he used his car with the EIA 338 license, and that two of the purse snatchings took place in Dillon's parking lots. Mr. Stuckey also proffered that Detective O'Mara would

have testified that in investigating the January and March to May robberies, he noted the similarity in the witnesses' physical descriptions of the perpetrators, which matched both Mr. Stuckey and Mr. Sandidge, and in the descriptions of the vehicle used. Mr. Sandidge would have invoked his Fifth Amendment privilege had he been asked at trial whether he committed the January 27 robberies, though he apparently would have "told the whole story" had he been granted immunity from prosecution for those robberies.

The trial court granted the state's motion in limine to exclude this evidence. In doing so, the court relied on a Kansas common law rule providing that "[w]hen the state relies on direct evidence, circumstantial evidence that someone other than the defendant committed the crime charged is irrelevant in the absence of other evidence to connect such third party with the crime." *State v. Peckham*, 875 P.2d 257, 266 (Kan. 1994) (quotation omitted). On direct appeal, the Kansas Court of Appeals affirmed the trial court's exclusion of this evidence, and the Kansas Supreme Court denied review.

**Discussion**

Because Mr. Stuckey's habeas petition was filed after April 23, 1997, the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) apply to his case. AEDPA requires federal courts entertaining federal constitutional claims that had been first adjudicated on the merits in state court to give

-4-

deference to the state court's analysis of these claims, and to grant relief, as relevant in this situation, only where the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This is the standard that the district court applied to Mr. Stuckey's claim. *See Stuckey*, 71 F. Supp. 2d at 1095-96. [1]

Although Mr. Stuckey presented his due process claim regarding the exclusion of evidence to the Kansas Court of Appeals on direct appeal, that court did not explicitly address Mr. Stuckey's claim on due process grounds. Instead, its analysis relied on state law. *See State v. Stuckey*, No. 74,853, slip op. at 2-5 (Kan. Ct. App. Feb. 21, 1997) (unpublished). While it might be arguable that we need not defer to the state court decision in this situation, *cf. Smith v. Scott*, ___ F.3d ___, No. 00-6021, 2000 WL 1187688, at *1 n.1 (10th Cir. Aug. 22, 2000), Mr. Stuckey not only fails to challenge the district court's use of this

---

[1]      We note that in applying the deferential standard required by § 2254(d), the district court stated that "habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Stuckey*, 71 F. Supp. 2d at 1096 (quotation omitted). The Supreme Court has since rejected this "subjective" inquiry into the state court's analysis in favor of an "objective" one, such that the relevant inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 120 S. Ct. 1495, 1521 (2000). The difference in inquiries does not affect the result in this case.

standard, but he encourages our application of it on appeal. We therefore will view the state court's decision as implicitly rejecting his federal claim, and will defer to its result. *See Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) ("[W]e owe deference to the state court's result, even if its reasoning is not expressly stated.").

Mr. Stuckey contends that application of the Kansas evidentiary rule to exclude Mr. Sandidge's and Detective O'Mara's testimony regarding the other purse-snatchings violated his right to due process. Mr. Stuckey's argument rests primarily on *Chambers v. Mississippi*, 410 U.S. 284 (1973), where the Court noted that "[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense." *Id.* at 302. Although the Court stated that in exercising this right, a defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence," it cautioned that such rules "may not be applied mechanistically to defeat the ends of justice." *Id.*; *see also Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir. 1997) ("[T]he state may not arbitrarily deny a defendant the ability to present testimony that is relevant and material and vital to the defense.") (quotations omitted). Mr. Stuckey contends that by excluding the proffered testimony, the trial court denied him his right to present evidence that he was misidentified and Mr. Sandidge committed the robberies.

While Mr. Stuckey challenges the rule distinguishing between direct and circumstantial evidence, we need not address the validity of the rule itself. Regardless of the reason the evidence was excluded, "to be eligible for federal habeas relief, [Mr. Stuckey] must prove that the state trial court's evidentiary ruling rendered the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *Duvall v. Reynolds*, 139 F.3d 768, 789 (10th Cir. 1998) (quotation omitted); *see also Mathews v. Price*, 83 F.3d 328, 332 (10th Cir. 1996). "Our inquiry 'hinges on the materiality of the excluded evidence to the defense.'" *Duvall*, 139 F.3d at 789 (quoting *Mathews*, 83 F.3d at 332). Evidence is material if its admission might have affected the outcome of the trial; that is, it would have created a reasonable doubt that did not otherwise exist. *See Richmond*, 122 F.3d at 872.

Mr. Stuckey contends that the exclusion of his proffered evidence violated his right to present a defense. While exclusion of the evidence may have weakened his defense somewhat, it did not prevent him from presenting his defense, which was based on the victims' alleged misidentification of him as the robber and his argument that Mr. Sandidge actually committed the crimes. Because Mr. Sandidge was present in the courtroom and admitted to owning the vehicle used in the robberies, Mr. Stuckey was able to argue to the jury that

Mr. Sandidge was the robber. [2] The excluded evidence may have been relevant, tending, as the Kansas Court of Appeals said, to implicate Mr. Sandidge in the purse-snatchings. [3] However, "the proffered testimony was not the type that if believed would have, by necessity, exculpated" Mr. Stuckey. *Richmond*, 122 F.3d at 874. The proffer indicated Mr. Sandidge would not admit to committing the robberies. *Cf. Chambers*, 410 U.S. at 298, 302 (finding due process violation where trial court precluded testimony regarding another individual's confessions). [4]

The evidence of Mr. Stuckey's guilt was very strong, especially given the unequivocal identification of him by the victims. Additionally, Mr. Stuckey

---

[2]     In his closing argument regarding his contention that Mr. Stuckey had been misidentified, Mr. Stuckey's counsel argued as follows:

>     Then we have Mr. Sandidge. Mr. Sandidge is not in this lineup [the photographic lineup shown to the victims who identified Mr. Stuckey as the robber]. Mr. Sandidge looks uncannily similar to Mr. Stuckey. It is Mr. Sandidge's car that is at these robberies. It is Mr. Sandidge's license plate that is on this car at this robbery.

Tr. Vol. 2 at 303-04.

[3]     In approving the exclusion of the evidence by application of the rule, the Kansas Court of Appeals stated that "while the excluded circumstantial evidence proffered tended to implicate Sandidge, it did nothing to disprove defendant's guilt." *See State v. Stuckey*, slip op. at 4.

[4]     We note that the only possible evidence in this regard would have been testimony from Detective O'Mara that Mr. Sandidge admitted committing approximately eight other robberies, but *denied* committing the robberies with which Mr. Stuckey was charged.

identified himself to the officer he met on the night of the robberies, and the officer identified him at trial and testified he saw him get into the car with the EIA 338 license plate. The proffered testimony would not have rebutted this evidence in any way. Thus, on review of the record, we are not persuaded that the state court's rejection of Mr. Stuckey's due process argument "contravenes or unreasonably applies clearly established federal law." *Aycox*, 196 F.3d at 1178.

Mr. Stuckey's request for a certificate of appealability is GRANTED. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge